Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:   (619) 233-7770
Facsimile:   (619) 297-1022

Attorneys for Scott T. Huchton

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| Scott T. Huchton | Case Number cv10 5055 |
|---|---|
| Plaintiff, | **Complaint For Damages** |
| v. | |
| Evergreen Professional Recoveries | **Jury Trial Demanded** |
| Defendant. | |

## INTRODUCTION

1. Scott T. Huchton, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Evergreen Professional Recoveries, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

5. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

8. Because Defendant does business within the State of California, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

10. At all times relevant, Defendant conducted business within the State of California.

## PARTIES

11. Plaintiff is a natural person who resides in the City of Monterey, State of California and is a member of the United States Navy.

12. Defendant is located in the City of Bothell, in the State of Washington.

13. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of

debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

15. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

16. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

18. Sometime before June 24, 2009, Plaintiff is alleged to have incurred certain financial obligations.

19. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

20. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

21. Sometime thereafter, but before June 24, 2009, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

22. Subsequently, but before June 24, 2009, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

23. On or about June 24, 2009, Plaintiff received a telephone call from Defendant. This telephone call was a "communication" as 15 U.S.C. §1692a(2) defines that term, and a "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

24. During this telephone call, Defendant stated that Defendant was a debt collector and that Defendant was attempting to collect a debt, specifically, money owed on the rental of a house by Plaintiff.

25. On or about July 6, 2009, Defendant mailed a dunning letter to Plaintiff. A few days later, Plaintiff received that letter.

26. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

27. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

28. Subsequently, but within the thirty-day period described in 15 U.S.C. § 1692(a), Plaintiff notified Defendant in writing, that this alleged debt, or some portion of it, was disputed.

29. After receiving this dispute from Plaintiff, Defendant reported the debt as being past due to the three major credit reporting bureaus, Equifax, TransUnion, and Experian.

30. When Defendant reported this debt to these three credit reporting bureaus, Defendant did not advise the bureaus that the debt was in dispute, and, consequently, Plaintiff's credit report was damaged.

31. Through this conduct, Defendant communicated or threatened to communicate to a person credit information which was known or which should have been known to be false, including the failure to communicate that a disputed debt is disputed. Consequently, Defendant violated 15 U.S.C. § 1692e(8), as well as California's Rosenthal Act as Cal. Civ. Code § 1788.17 incorporates the FDCPA.

32. At no point has Defendant ever provided any verification of the alleged debt.

33. On or about May 13, 2010, Plaintiff received a letter from Defendant addressed to his California address. This letter was a "communication" as 15 U.S.C. §1692a(2) defines that term, and a "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

34. In this letter Defendant demanded payment of the alleged debt.

35. By continuing to attempt to collect the debt without providing verification as required by 15 U.S.C. § 1692g(b) and Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692g(b), Defendant violated both the FDCPA and California's Rosenthal Act.

36. Defendant, a third party debt collector, failed, in the first written notice initially addressed to Plaintiff's California address in connection with collecting the alleged debt by Defendant, pursuant to Cal. Civ. Code § 1812.700, and in the manner prescribed by Cal. Civ. Code § 1812.700(b) and Cal. Civ. Code § 1812.701(b), to provide a notice to Plaintiff as prescribed in Cal. Civ. Code § 1812.700(a). Consequently, pursuant to Cal. Civ. Code § 1812.702, this omission by Defendant violated the Rosenthal Act.

37. Subsequently, Plaintiff telephoned Defendant and during that conversation Defendant, through its agent Lisa, advised Plaintiff that if Plaintiff did not pay

the alleged debt Defendant would insure that Plaintiff would not be able to ever rent property again in the United States until the alleged debt was paid.

38. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5), as well as California's Rosenthal Act as Cal. Civ. Code § 1788.17 incorporates the FDCPA.

39. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

40. On numerous occasions thereafter, including on or about May 14, 2010, May 17, 2010, May 21, 2010, May 26, 2010, June 3, 2010, June 10, 2010, June 15, 2010, June 22, 2010, and June 25, 2010, Plaintiff received telephone calls from Defendant. This telephone calls were all "communications" as 15 U.S.C. §1692a(2) defines that term, and "debt collections" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

41. By continuing to attempt to collect the alleged debt without providing verification as required by 15 U.S.C. § 1692g(b) and Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692g(b), Defendant repeatedly violated both the FDCPA and California's Rosenthal Act.

42. On numerous occasions thereafter, Defendant telephoned Plaintiff's parents and disclosed details of the alleged debt in their abusive attempt to collect.

43. Except as provided in 15 U.S.C. § 1692b, and without the prior consent of the consumer given directly to the Defendant, and without the express permission of a court of competent jurisdiction, and for a purpose not reasonably necessary to effectuate a postjudgment judicial remedy, Defendant communicated, in connection with the collection of a debt, with a person other than the consumer, his attorney, a consumer reporting agency, the

creditor, the attorney of the creditor, or the attorney of Defendant. Consequently, Defendant violated 15 U.S.C. § 1692c(b), as well as California's Rosenthal Act as Cal. Civ. Code § 1788.17 incorporates the FDCPA.

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

44. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

45. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

46. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

47. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

48. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

49. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a);

statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

50. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Hyde & Swigart

Date: September 28, 2010

By: _____
Robert L. Hyde
Attorneys for Plaintiff